ROBERTSON *v.* TOWN OF ENGLEWOOD *et al.*

(*Knoxville,* September Term, 1938.)

Opinion filed Jan. 21, 1939.

RALPH DUGGAN, of Athens, and A. T. STEWART, of Winchester, for complainant.

JONES & DAVIS, of Athens, for Town of Englewood and School Board of Englewood.

WILLIAMS & WILLIAMS, of Chattanooga, and J. TOM TAYLOR, of Athens, for McMinn County.

MR. JUSTICE COOK delivered the opinion of the Court.

The town of Englewood was incorporated by Chapter 30, Private Acts of 1919. By sections 9 and 10 of the Act, the town was declared to be a special school district under control of a Board of Education elected as other municipal officers. Under supervision of the Board of Education, buildings were erected and schools maintained in the town of Englewood by the proceeds of a municipal tax and with revenue allotted by the State and county under general laws.

The bill was filed against the town of Englewood, November 3, 1933, to recover for money advanced by the Bank of Englewood for the use and maintenance of the schools. The evidence of debt, as shown by the bill, is

two orders of the school board addressed to the recorder of the town and accepted by the bank as evidence of the loan. One order for $6,200, reduced by credits to $5,050.- 36, dated April 25, 1930, was the balance on a loan of nine thousand dollars for use in building an addition to the school house. The other, for three thousand dollars, dated July 2, 1930, was for money used in payment of teachers' salaries.

The town of Englewood denied liability, saying (1) that the order dated April 25, 1930, is void because not signed by the chairman of the board; (2) that the Board of Education was not authorized by the charter to borrow money; (3) that the town is not liable for indebtedness incurred by the board.

January 20, 1938, the complainant filed an amended and supplemental bill making McMinn County a party defendant. It was shown that by Chapter 435, Private Acts of 1937, the charter of the town of Englewood was amended by repealing sections 9 and 10, which erected the town into a special school district. It was charged that thereupon McMinn County, with knowledge of the indebtedness of the school district of the town of Englewood, assumed possession and control of the school buildings and burdened itself with the duty of maintaining the schools, and thereby became jointly liable for the indebtedness due complainant which was incurred for erecting, equipping and maintaining the school.

February 28, 1938, the town of Englewood filed an answer to the supplemental bill and a cross bill against McMinn County. It is shown by the cross-bill that the town of Englewood supplemented revenues derived from the school fund by a tax levy and at an expense of more than twenty thousand ($20,000) dollars, erected a school

building and at additional cost equipped it; and, to pay for the building, the town borrowed twenty thousand ($20,000) dollars, for which its negotiable bonds were issued and are outstanding; for the maintenance and operation of the schools of the special district, the town of Englewood incurred other sundry debts which are outstanding; and when the special district was abolished by amendment to the charter and McMinn County took over the schools, it became liable for the aforesaid obligations. It is alleged that the twenty thousand dollars of bonds outstanding and the other obligations constituted an indebtedness for which the county became liable upon abolition of the special district, and that the county is also liable for $1,405 interest paid on the bonds by the town of Englewood. The cross-complainant prayed for a judgment against the county for the amount of the bonds and other debts incurred in maintenance and operation of the schools.

The defendant McMinn County demurred to the cross bill, among other grounds because (1) the town does not own the bonds and warrants, and for that reason cannot maintain the action to recover them; (2) having charged in its answer to the bill that the debts were incurred by the Board of Education without authority to bind the town, it cannot, by contradictory statements of the cross bill, assert the right to recover from the county; (3) the town cannot recover the item of $3,136.27, the amount of school warrants issued for operating the school, because the facts are not shown upon which defendant would be liable; (4) the Private Act repealing sections 9 and 10 of the charter of Englewood imposes no obligation upon the county for the debts of the town, and the county is not liable for debts

contracted by the town for the erection of buildings and the maintenance of schools; (5) Chapter 435, Private Acts of 1937, is unconstitutional because it suspends the general law contrary to Article 11, section 8, of the Constitution.

The chancellor overruled all the grounds of the demurrers filed by McMinn County. The county stood upon its demurrers and refused to plead over. Thereupon the chancellor heard the cause upon the pleadings and proof and decreed that Chapter 435, Private Acts of 1937, was constitutional and effective to abolish the special school district in the town of Englewood. He found from the evidence that the town of Englewood had ratified the loan made on orders of the board of education and that complainant Robertson could recover the balance due from the town. A decree was accordingly entered against the town of Englewood for the sum advanced by the Bank of Englewood upon the two orders, with interest from the date of their issuance. He sustained a motion of the complainant Robertson, Receiver, and the town of Englewood to amend their pleadings so as to pray for declaratory relief determinative of the rights of all the parties; and thereupon entered a decree declaring that McMinn County was not only liable for the sum adjudged against the town of Englewood in favor of Robertson, Receiver, but also for other indebtedness incurred by the town on account of the school. By the declaratory decree, he fixed liability upon McMinn County for interest paid on the twenty thousand dollars outstanding school bonds from the date of their issuance, and added interest on payments of interest. The county was also declared liable for outstanding warrants of the town of Englewood issued for maintenance of schools, amounting

to $3,136.27, and for the twenty thousand dollars of bonds issued by the town of Englewood. This was coupled with the declaration that the chairman of the county court issue warrants upon the trustee and the county trustee pay warrants issued in payment of interest on the bonds and to pay the bonds, upon maturity.

The town of Englewood appealed from so much of the decree as charged it with liability to Robertson, Receiver, for the two warrants described in the bill.

The county appealed from the decree declaring it liable for the obligations of the town of Englewood, and from the action of the chancellor in overruling its demurrer.

Through assignments of error the town of Englewood insists that the chancellor erred (1) in holding it liable for acts of the town board of education because the board had no authority to issue the warrants and borrow money on them; (2) in finding that the town ratified the acts of the school board in issuing orders on the town recorder in anticipation of revenues; (3) in permitting witnesses to testify that the town levied a tax for payment of debts incurred for the school and made payments on the loan procured by the Board of Education; (4) in allowing interest on the indebtedness in favor of Robertson, Receiver.

Sections 9 and 10 of the charter act provided for a special school district, co-extensive with the municipal limits. By this provision, a separate entity was not created, but a special school district within the town was set up to co-ordinate with the municipal and county school system. Members of the school board were to be elected by voters of the town to manage the municipal school and expend both municipal and general school revenue. The board was the agency of the town and its acts within

the scope of the powers conferred by the Act or implied from its provisions are binding upon the town. This conclusion is verified by a provision of section 10 of the charter providing that the board of school commissioners shall report from time to time what tax levy is necessary for the proper maintenance of the schools in said town and communicate the same to the board of commissioners of said town for their information. Evidence showing the tax levy by the town for school purposes explanatory of the special levy was admissible, and the testimony of witnesses to explain the ·ambiguity in the tax levy was admissible. Upon this evidence and other facts in the record, the chancellor found that the town ratified the acts of the town Board of Education in issuing the two orders on the town recorder upon which complainant Robertson sued.

 The decree of the chancellor holding the town of Englewood liable on the two warrants is affirmed, with a modification limiting the recovery of interest from the filing of the bill. This conclusion is based upon the fact that complainant's claim rests on orders issued by the Board of Education on the recorder of the town of Englewood without reference to date of payment and the orders do not provide for payment of interest. For that reason, interest would not be chargeable until after demand for payment, and the only demand shown by the record is the claim presented by the bill. 15 R. C. L., p. 28. The orders on the recorder are not negotiable instruments. *Bank of Gallatin* v. *Baber,* 74 Tenn. (6 Lea), 273, 277. Liability of the town rests only upon the obligation to repay money borrowed and applied to the use of the school, that is to say, upon implied *assumpsit* for money received. *Madison County* v. *Gibbs,* 77 Tenn.

(9 Lea), 383. In such circumstances, Code, sections 7305, 7306, do not govern the allowance of interest. The decree of the chancellor awarding recovery on the two items of debt to Robertson, Receiver, will be modified by allowing interest from the date suit was filed, instead of the date of their issuance, and with that modification the decree against the town of Englewood is affirmed.

There is no merit in the contention made on behalf of McMinn County that the Act amending the charter of Englewood is unconstitutional. The town of Englewood was created by Special Act of the Legislature and that body, in exercise of the same power, could amend the charter. By the amendment Chapter 435, Acts of 1937, the municipal corporation was not abolished, but the agency of the town set up by the charter to control the municipal schools was abolished by force of the repealing act. The Constitution imposes no restraint upon legislation affecting counties, municipalities and other subordinate public agencies in their governmental capacities. The Act amending the charter of Englewood is not therefore violative of Article 11, section 8, of the Constitution, as contended by McMinn County through its demurrers and assignments of error. The town of Englewood was made a special school district to obtain the benefit of the general school fund that would inure to the locality under the general law, with intent that the town supplement it by local taxation and thereby increase the efficiency of the local school. By this provision, the local school was under the management of the local Board of Education. The amending Act did no more than repeal provisions of the charter that provided for local control of the school, upon which the general school laws for the maintenance of schools extended to

the town. Upon that the county Board of Education, pursuant to the duty imposed by the general law, assumed control of the public school in the town of Englewood. By that action of the county Board of Education, it is insisted that all the obligations incurred by the town of Englewood for the erection of buildings and the maintenance of public schools became debts of the county, and the chancellor accordingly entered a declaratory decree, upon amendment of the pleadings for declaratory relief.

There is no statutory provision for the adjustment of debts and transference of ownership of school property resulting from the amendment to the charter of Englewood, nor have we any controlling decisions in this State. Without statute, the rule of the common law would prevail, and by that rule the property is to be left where it is found and the debt upon the original debtor. There are decisions to the effect that upon abolition of a school district and the formation of a new district including its territory, the new district, as the successor, is liable for all debts of the old district and entitled to all its property. *Bank of Gallatin* v. *Baber*, 74 Tenn. (6 Lea), 273; *O'Connor* v. *Memphis*, 74 Tenn. (6 Lea), 730; 24 R. C. L., p. 566, sec. 10; 56 Corpus Juris 271. The rule underlying the foregoing authorities rests upon the theory of succession or substitution of the new district to the rights and liabilities of the abolished district. That rule does not apply where the entity that acquired the property and created the obligation is left in existence. The rights and obligations of the town of Englewood cannot be adjusted by judicial extension of the rule of implied liability, based upon the theory of succession, because the County of McMinn is not successor of the municipality. By applying principles of equity

to the situation, school funds of the county might be chargeable with the value of the school property taken over and used for the benefit of the public schools, but the county could not be charged upon the theory of implied liability as successor to the abolished district with all debts incurred by the town for conduct of the municipal school without reference to the use of the proceeds. The pleadings and proof do not afford a basis for the declaratory decree entered by the chancellor. It is not shown where the title to the school property is vested and, by mere use of the school property in order to continue the operation of a school in the town of Englewood, it cannot be assumed that the county intended to take over the property to the exclusion of the rights of the owner.

The decree of the chancllor declaring McMinn County primarily liable for all the debts created by the town of Englewood through its Board of Education and declaring the county liable for the bonds issued by the town of Englewood is reversed, but, as heretofore stated, the decree of the chancellor holding the town of Englewood liable upon the two orders upon which complainant sued, is affirmed.

The costs of the cause will be taxed one third against the complainant, one third against the defendant town of Englewood, and one third against McMinn County.