CALDWELL *et al. v.* HARRIS *et al.*

(*Knoxville*, September Term, 1947.)

Opinion filed October 18, 1947.

KILGO & ARMSTRONG, of Greeneville, for appellants.

GUINN & MITCHELL, of Johnson City, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The 10 complainants are taxpayers of the incorporated Town of Butler, Tennessee, and file this bill for a declaratory judgment as to the validity of Chapter 638 of the Private Acts of 1947, the subject of which is in its caption as follows: "An Act to repeal as of August 1, 1947, the Charter of the 'Mayor and Aldermen of Butler,' an incorporated town in Johnson County, Tennessee, and all Acts amendatory thereof; to appoint a liquidating agent and trustee of said municipal corporation and to fix his powers and duties as such; to authorize him to dispose of the corporate property of said municipality and to distribute the proceeds therefrom in accordance with general law; to retain in force the ordinances of said municipality until October 1, 1948; and to vest in said liquidating agent and trustee the power to employ servants, agents and attorneys for necessary services incident to the liquidation of the assets of the said municipality, and for the protection of the property and safety of the residents of said Town during the period of liquidation."

It appears that the municipality of Butler is being inundated by the construction of the Watauga Dam by the Tennessee Valley Authority, and by reason of such taking by the Tennessee Valley Authority by purchase or otherwise, the Town of Butler will cease to exist as a municipality, and, therefore, it became necessary to surrender the Charter.

The complainants make various complaints against the validity of the above-mentioned Act. The Act contains 12 sections, the first repealing the Charter of the Town of Butler, incorporated under the name of "Mayor and Aldermen of Butler," effective as of August 1, 1947.

Section 2 recites the taking of the physical properties of the town by the Tennessee Valley Authority, and provides that a liquidating agent shall be appointed as trustee after August 1, 1947, to dispose of the assets of such town on or before the first day of October, 1948, and also provides that the property of the town shall not be disposed of at price lower than that offered by the Tennessee Valley Authority.

Section 3 provides that the defendant, I. Q. Harris, be appointed liquidating agent as of August 1, 1947, and vested with full right, power and authority to dispose of the physical assets of the town and disperse the proceeds under the general law.

Section 4 provides that in the event the named liquidating agent refuses or fails to act, the Governor of Tennessee may appoint a liquidating agent for said town.

Section 5 provides that the compensation of the liquidating agent shall be fixed by the Chancery Court of Johnson County, Tennessee, or the United States District Court for the Northeastern Division of the Eastern District of Tennessee, but that his compensation shall not exceed 5 per cent of the funds coming into his hands,

and he shall be allowed reasonable expense and counsel fees.

Section 6 provides that the town ordinances shall be retained in effect until October 1, 1948.

Section 7 provides that Charter shall be surrendered for all purposes as of August 1, 1947, with the exception of the above-mentioned provision as to the ordinances.

Section 8 provides that the liquidating agent have authority to employ necessary agents to protect the property and the rights of the town, and gives him power to employ counsel for any litigation necessary for the liquidation of the corporate property.

Section 9 provides that the present Mayor and Board of Aldermen shall fix the tax rate for the year 1947, and collect the revenue from the municipal waterworks and other income-yielding property for the municipality, and collect any delinquent taxes remaining unpaid.

Section 10 provides that the liquidating agent shall execute a surety bond in the sum of $10,000 to protect the creditors and taxpayers of the town.

Section 11 is the elision clause of the Act.

Section 12 repeals all laws in conflict with the Act.

It might be stated here that Chapter 55 of the Public Acts of 1947 is a general law which provides that when a municipality is required to surrender its charter by reason of another governing agency taking its properties through purchase or condemnation, that the assets derived from the sale of the properties of the municipality shall be distributed to the taxpayers of such municipality. This general act is not under attack in this cause, and prior to the passage of this general law, any money derived from the sale of physical properties of municipalities belonged to the State.

The chancellor upheld the Act generally with the exception of sections 6 and 7, which retained the ordinances and police powers until October 1, 1948. There was no appeal by the complainants from this holding by the chancellor.

■ Complainants have assigned seven errors in this Court. By the first assignment it is insisted that the Act is violative of Article 2, section 17, of our Constitution in that it embraces more than one subject. This assignment is overruled.

In the case of *Vickers* v. *State,* 176 Tenn. 415, 427, 142 S. W. (2d) 188, 145 S. W. (2d) 768, 769, this Court, in passing on a petition to rehear, said that "the unity of the subject is to be found in the ultimate object of the statute."

In the case of *Luehrman* v. *Taxing District,* 70 Tenn. 425, 428, the Court said that "any provision of an act directly or indirectly relating to the subject expressed in the title, having a natural connection therewith, and not foreign thereto, should be held to be embraced in it."

And in the recent case of *Large* v. *City of Elizabethton,* 185 Tenn. 156, 203 S. W. (2d) 907, 909, this Court said: " . . . If the purpose is fairly indicated in the caption and the provisions of the act are germane to that purpose, they are not beyond the title."

■ In the Act before us for consideration its purpose as recited in its caption was to repeal the Charter of the "Mayor and Aldermen of Butler" and provide for a liquidating agent to wind up the affairs of the municipality. The entire body of the Act is germane to the recitals in the caption. So long as the sections combined are germane to each other and plainly designed to accomplish a single ultimate object, it would appear immaterial that when the various provisions are isolated

or segregated in groups they can accurately be termed to cover several subjects.

■ The second assignment attacks the Act as being contrary to Article 1, section 8, of our Constitution in that it amounts to the taking of the property of the taxpayers of Butler without due process of law. This assignment has no merit, as Chapter 55 of the Public Acts of 1947 makes provision for compensation. The fact that the liquidating agent is appointed to see to the winding up of the corporation and administering its assets protects the taxpayers.

■ The third assignment complains that the Act in question violates Article 11, section 16, of our Constitution. The complaint under this assignment is that the · Act delegates the right to enforce the ordinances of Butler to the defendant Harris. Also, that Harris is vested with police powers, and that it enables him to collect taxes owing to the town after August 1, 1947. As before noted, the chancellor held that sections 6 and 7 dealing with the retention of the ordinances and police powers were unconstitutional. There was no appeal by complainants from this part of the decree and that question is not before us for review.

■ The next assignment is that the Act violates Article 11, section 17, of the Constitution, which provides: "No county office created by the Legislature shall be filled otherwise than by the people or the County Court."

This assignment does not touch this cause.

The Legislature repealed the Charter of the Town of Butler because of necessity.

· ■ In the case of *Luehrman* v. *Taxing District, supra,* 70 Tenn. at pages 433 and 434, the Court said: "All the authorities are agreed that municipal corporations are within the absolute control of the Legislature, and may

be abolished at any time in its discretion. . . . The reason is obvious. Being created as instrumentalities or arms of the government, they can not be continued in that capacity whenever the public exigency, of which the Legislature alone is judge, demands that they should cease to act. 'It is an unsound and even absurd proposition that political power conferred by the Legislature can become a vested right as against the government, in any body of men.' . . . 'Municipal grants of franchise,' this court has said, 'are always subject to the control of the legislative power for the purposes of amendment, modification, or entire revocation.' ''

The Legislature having the authority to abolish a municipality, has the right to provide an orderly method of liquidation.

As to assignment five, wherein it is charged that the Act violates Article 2, section 29, of the Constitution, which deals with levying and controlling taxes, it is to be observed that under the Act now before the Court it provides that the Mayor and Aldermen shall have the power to fix the tax rate for 1947, but does not mandatorily require them to do so. The bill does not charge that any tax rate had been fixed by the Mayor and Aldermen of Butler, or that the rights of the complainants have been adversely affected by the attempt to fix any tax rate or make any levy against the property of the complainants.

Assignment six is directed to the sections of the Act declared unconstitutional by the chancellor, and his decree in that respect is unappealed from.

In the next and last assignment complaint is made to the Act involved violating Article 11, section 8, of the Constitution, which prohibits what is known as class legislation. These provisions in the Act in question relating to the compensation of the liquidating agent are

not in conflict with the general law by which complainants' rights to the proceeds of the corporate assets on dissolution are conferred. Chapter 55 of the Public Acts of 1947 provides no method of liquidation. Since the complainants' rights are conferred by the Legislature, and not by the Constitution, it would appear proper that the Legislature provide in any peculiar local situation how those rights should be realized. In a number of cases this Court has declared the vested power of the Legislature over municipal corporations, their offices and employees, and their properties. Neither the municipality nor its existing officers here complain, making inapplicable the cases in which the constitutional rights that a municipality does possess as a soverign are discussed. *Luehrman* v. *Taxing District, supra; Smiddy* v. *City of Memphis,* 140 Tenn. 97, 203 S. W. 512; *Robertson* v. *Town of Englewood,* 174 Tenn. 92, 123 S. W. (2d) 1090; 37 Am. Jur., Municipal Corporations, Section 22.

In the instant cause the Legislature, the creator of the municipality, having full power to do so, repealed the Act·incorporating the town. With the exception of sections 6 and 7, we find no constitutional objection to the method or scheme provided in the Act for the liquidation of the assets of the town. If some of the powers or authority are abused, resort can be had to the courts. The fact that a Federal agency will take over the property of the municipality, either by purchase or condemnation, presents no question for us to determine. This will be a matter between the municipality and/or the taxpayers to settle in a proper forum with such agency.

It results that all the assignments of error are overruled and the decree of the chancellor is affirmed.

All concur.