SHARP v. STATE.

(*Nashville.* January 14, 1899.)

1. PARDON. *For contempt.*

The Governor has the right, in the lawful exercise of the pardoning power, to release judgment for fine and imprisonment imposed for contempt of Court. (*Post, pp. 10–15.*)

Constitution construed: Art. III., Sec. 6.

Cases cited and approved: Garrett v. State (oral opinion); McCarthy v. State (oral opinion); 24 La. Ann., 119 (S. C., 13 Am. Rep., 115); 4 S. & M. (Miss.), 751; 7 Blatch., 23 (17 Fed. Cases, 969).

2. SAME. "*After conviction.*"

A judgment imposing fine and imprisonment for contempt is a "conviction" within the meaning of the constitutional provision authorizing the Governor to grant pardons and reprieves "after conviction." (*Post, p. 11.*)

Cases cited and approved: Sinnott v. State, 11 Lea, 281; Harwell v. State, 10 Lea, 544; 20 Wall., 387; 6 Fed. Rep., 64.

---

FROM DAVIDSON.

---

Appeal in error from Second Circuit Court of Davidson County. JOHN W. CHILDRESS, J.

ROBERT VAUGHN and J. A. PITTS for Sharp.

STEGER, WASHINGTON & JACKSON and ESTES & ESTES for State.

McALISTER, J. This record presents the single question of the right of the Governor to exercise

the pardoning power in respect of fines and imprisonment imposed for contempt of Court.

It appears from the record that one W. A. Cason was under indictment in the Criminal Court of Davidson County for making false and fraudulent entries in the books of his employers. When the jury was being summoned by an officer of the Court for the trial of W. A. Cason, his father, J. D. Cason, sought to have certain individuals, whose names were handed the officer, summoned. This misconduct on the part of J. D. Cason was reported to the Judge, who, upon investigation of the facts, adjudged the contemnor guilty of an attempt to pack the jury, and fined him fifty dollars and sentenced him to jail for a period of ten days. It appears that the Court suspended its judgment in the case from June 20 until July 9, 1898. On the eighth day of July, 1898, the Governor pardoned the said J. D. Cason of said offense.

The Judge of the Criminal Court, conceiving that the pardoning power of the Executive did not extend to cases of contempt, refused to recognize the pardon and ordered the prisoner into custody. Thereupon the prisoner, through his counsel, applied to the Circuit Court for the writ of *habeas corpus.* Upon an investigation of the case the Circuit Judge was of opinion the prisoner was entitled to his liberty, and he was accordingly discharged. The Sheriff appealed, and has assigned as error the action of the Circuit Court in discharging the prisoner.

Sharp *v.* State.

The precise question here presented was adjudged by this Court, at its December Term, 1893, in the case of *Garrett* v. *State*, in which it was held that the pardoning power of the Governor does extend to cases of contempt. A similar ruling had been made by our predecessors in the case of *Dennis McCarthy* v. *State*. Article III., Sec. 1, of the Constitution provides that "The supreme executive power of the State shall be vested in a Governor." Section 6 provides, viz.: "He shall have power to grant reprieves and pardons, after conviction, except in cases of impeachment."

It will be observed that the only exception to the power conferred upon the Governor to grant reprieves and pardons is in cases of impeachment, and the only limitation imposed is that the power cannot be exercised until after conviction. A judgment imposing a fine and imprisonment for contempt is a conviction, within the meaning of the Constitution. *Sinnott* v. *State*, 11 Lea, 281; *Harwell* v. *State*, 10 Lea, 544; *New Orleans* v. *Steamship Co.*, 20 Wall., 387–392; *Fisher* v. *Hayes*, 6 Fed. Rep., 64; 3 Am. & Eng. Enc. L., 796. Contempts of Court are public offenses, and pardonable as such. 1 Bishop on Crim. Law, 913, Subsec. 2; 1 McClain's Crim. Law, 9; *Ex parte Hickey*, 4 Smed. & M., 751; *State* v. *Saurenett*, 13 Am. Rep., 115 (S. C., 24 La. Ann., 119); *In re Mullee*, 7 Blatch, 23; *Bates case*, 55 N. H., 325; *State* v. *Matthews*, 37 N. H.,

450; *In re Sims*, 54 Kan., 1; *In re Manning*, 44 Fed. Rep., 275.

In the case of *State* v. *Saurenett*, 24 La. Ann., 119 (S. C., 13 Am. Rep., 115), Judge Taliaferro said: "There being no exception found in our State Constitution precluding in such cases the exercise of the pardoning power by the Governor of the State, we feel no hesitancy in recognizing its existence. That the offense arising from contempt of the authority of a court is one which, from its nature, should be summarily punished to the end that an efficient and wholesome exercise of judicial power may be had, no one will question. A contempt of Court is an offense against the State and not against the judge personally. In such a case the State is the offended party and it belongs to the State, acting through another department of its government, to pardon or not to pardon, at its discretion, the offender."

Again, in *Ex parte Hickey*, 4 S. & M. Rep. (Miss.), the Court said, viz.: "The whole doctrine of contempt goes to the point that the offense is a wrong to the public, not to the person of the functionary to whom it is offered, considered merely as an individual. It follows, then, that contempts of Court are either crimes or misdemeanors in proportion to the aggravation of the offense, and as such are included within the pardoning power of the State," and the prisoner was discharged.

It appeared in that case that Hickey had been

sentenced to fine and imprisonment for contempt of the Circuit Court at Vicksburg, and was pardoned by Governor Albert Gallatin Brown. The prisoner was released upon *habeas corpus*, the Court sustaining the right of the Governor to exercise the pardoning power in such a case.

*In re Mullee*, 7 Blatch., 23 S. C.; 17 Fed. Cas., 969, Judge Blatchford, district judge, said, viz.: "On motion for an attachment against the applicant as a defendant in a suit in equity in this Court, he was adjudged to have been guilty of a contempt of this Court by violating an injunction issued by this Court, and, on June 27, 1868, a fine of $2,500 was imposed on him as a punishment for such contempt, and it was ordered that he should stand committed until the fine should be paid. After having been imprisoned for some time under such sentence, he presented a petition to this Court, praying for his discharge on the ground that he was unable to pay the fine. The decision of the Court thereon was that it had no jurisdiction or power to grant the prayer of the petition, and that relief must be sought by an application to the President of the United States. I then said: ' By the Constitution (Art. 2, Sec. 2, Subsec. 1) the President is invested with power to grant reprieves and pardons for offenses against the United States, except in cases of impeachment.' No such power is conferred upon any other officer or upon any Court. A contempt of Court is an offense against the

United States. In the present case there is a judgment judicially declaring the contempt and offense. In the case of one Dixon a fine was imposed upon him by the Circuit Court of the United States for the District of Mississippi for a contempt of Court. He applied to the President for a pardon. The Attorney-general, Mr. Gilpin (3 Op. Attys-Gen., 622), decided that the pardoning power extended to such a case, and that the contempt was an offense within the language of the provision of the Constitution. I fully concur in this view, and it necessarily follows that if the power of relieving from the sentence imposed on Mullee falls within the pardoning power of the President, it is exclusive in the President, and cannot be exercised by this Court.''

The inquiry made of the Attorney-general in the case of Dixon was whether the executive authority to pardon properly extended to that case. In his opinion, given to the Secretary of State, in February, 1841, the Attorney-general says: "If we adopt, as the Supreme Court of the United States has decided we should do, the principles established by the common law respecting the operation of a pardon, there can be no doubt it may embrace such a case. A pardon has been held to extend to a contempt committed in Westminster Hall, under circumstances not materially different from those which occurred in the case submitted to the President. I am therefore of opinion that, should the President consider the facts such as to justify the exercise of his con-

stitutional power to grant reprieves and pardons for offenses against the United States, there is nothing in the character of this offense which withdraws it from the general authority.''

After a careful review of the authorities, we are thoroughly satisfied with the former rulings of this Court on this subject, and the judgment of the Circuit Court is therefore affirmed.