State, ex rel., v. Hamby.

STATE, *ex rel.* PETER HARRIS, *v.* W. A. HAMBY, *County*
*Judge.*

114   361
117   398

[(*Nashville.* December Term,. 1904.)'

1. **CONSTITUTIONAL LAW.** Statute redistricting Cumberland
county contains but one subject, and is constitutional.
The statute (Acts 1903, ch. 599) redistricting and reorganizing
Cumberland county embraces but one subject and is constitu-
tional and valid.

Act cited and construed: 1903, ch. 599.

Constitution cited and construed: Art. 2, sec. 17.

2. **SAME.** Provision against two subjects of legislation in a bill
applies to the body of the statute, and not to its caption, when.
The constitutional provision that "no bill shall become a law
which embraces more than one subject, that subject to be ex-
pressed in the title," does not apply, as to the one subject, to
the title, but to the body of the bill, the effective and operative
part of the statute—the law that is made; for it is no objection
to the bill that the caption is broader than the enacting part,
or covers or can be construed to cover other subjects, so that
the real subject of legislation is therein expressed, and not ob-
scured by the foreign matters. (*Post, pp.* 364, 365.)

Cases cited and approved: Powers v. McKenzie, 90 Tenn., 167;
State v. Brewing Co., 104, Tenn., 723.

Constitution cited and construed: Art. 2, sec. 17.

3. **SAME.** Statute abolishing civil districts operates to abolish
offices dependent upon the districts for their existence and
ends official life of incumbents.
A statute abolishing the civil districts of a county operates as an
inevitable legal consequence to destroy all offices of justices
of the peace, constables, and tax assessors therein, which are

State, ex rel., v. Hamby.

absolutely dependent upon the district for their existence, and the official life of the incumbents is immediately ended, in the absence of a saving clause. (*Post, pp.* 365-367.)

Cases cited and approved: State v. Gaines, 2 Lea, 316; Judges' Cases, 102 Tenn., 509; State v. Lindsay, 103 Tenn., 625; Grainger Co. v. State, 111 Tenn., 234; State v. Akin, 112 Tenn., 603.

### FROM CUMBERLAND.

Appeal from the Chancery Court of Cumberland County.—HUGH G. KYLE, Chancellor.

C. E. SNODGRASS, for complainant.

SMITH & SMITH and L. V. HAMBY, for defendant.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This suit is brought by Peter Harris, a former justice of the peace of Cumberland county, against W. A. Hamby, judge of the county court of that county, and involves the constitutionality of an act of the general assembly passed April 1, 1903 (Laws 1903, p. 1563, c. 599) for the purpose of redistricting Cumberland county, the effect of which was to deprive complainant of his office.

The statute is as follows:

"An act to create and establish four civil districts in

State, ex rel., v. Hamby.

the county of Cumberland in lieu of the thirteen civil districts, now existing; to define the boundaries of the same, and to abolish certain offices in said county and to provide for the election of their successors.

"Section 1.—Be it enacted by the general assembly of the State of Tennessee, that, there are hereby created and established for the county of Cumberland, four civil districts in lieu of the thirteen civil districts now existing therein.

"Section 2.—Be it further enacted, that, the boundaries of said new civil districts shall be as follows: Boundaries of the second and fifth civil districts shall be consolidated and shall hereafter be known as the first civil district.

"Second, the territory now embraced within the boundaries of the first, sixth and thirteenth civil districts shall be consolidated and shall hereafter be known as the second civil district.

"Third, that the territory now embraced within the boundaries of the third, fourth, eighth and eleventh civil districts shall be consolidated and shall hereafter be known as the third civil district.

"Fourth, that the territory now embraced in the seventh, ninth, tenth and twelfth civil districts shall be combined and shall hereafter be known as the fourth civil district.

"Section 3.—Be it further enacted, that, all the various district officers, to wit, justices of the peace, constables and tax assessors, now holding offices in said

county, are hereby abolished, and the county board of election commissioners shall call an election to be held, according to law for the election of two justices of the peace, one constable and one tax assessor, in all the new districts created, except in the first wherein shall be elected three justices. Said election shall be opened and held at the various voting precincts, in said county on the 7th day of May, 1903, and the present district officers in said county shall hold their offices until the officers herein provided for have been elected and qualified.

"Section 4.—Be it further enacted, that, the voting precincts in the various civil districts in said county shall remain as they now stand.

"Section 5.—Be it further enacted, that, this act take effect from and after the 7th day of May, 1903, the public welfare requiring it."

The objection now made to this act is that both the title and the body of it embrace two subjects, viz., redistricting Cumberland county and the abolition of certain offices in that county, and that in this it contravenes article 2, section 17, of the constitution, providing that "no bill shall become a law which embraces more than one subject, that subject to be expressed in the title."

This contention cannot be sustained. We do not think that either the title or the body of this statute embraces two subjects. If the title did—and complainant seems to press this point with more confidence against it than the body of the act—it would be immaterial. The con-

stitutional provision invoked does not apply to the title,
but to the body of the bill, the effective operative part
of the statute—the law that is made.   It is no objection
to a bill that the caption is broader than the enacting
part, or covers or can be construed to cover other sub-
jects so that the real subject of legislation is therein ex-
pressed and not obscured by the foreign matters. *State*
v. *Schlitz Brewing Co.,* 104 Tenn., 723, 59 S. W., 1033,
78 Am. St. Rep., 941; *Powers* v. *McKenzie,*   90   Tenn.,
167, 16 S. W., 559.

But neither the bill nor caption embrace two subjects.

The purpose and object of the statute is to redistrict
and reorganize Cumberland county.      The first section
abolishes all the old districts and creates four new ones,
and the second defines their boundaries.

The inevitable legal consequence of abolishing the
old districts was the destruction of all the offices of jus-
tices of the peace, constable, and tax assessor in them.
These offices were absolutely dependent upon the  dis-
tricts for their existence, and when the districts  were
abolished they were, by operation of the law, destroyed.
*Grainger County* v. *State,* 111 Tenn., 234,   80 S. W.,
756-763.

There can be no officer without an office to be filled;
and when the offices of justice of the peace, consta-
ble, and tax assessor of the old districts ceased to exist
the official life of the complainant and the other officers
of those districts terminated.   *State* v. *Gaines,* 2 Lea,
316; *State* v. *Lindsay,* 103 Tenn., 625, 53 S.  W.,  950;
*Judges' Cases,* 102 Tenn., 509, 53 S. W., 134.

That portion of the third section of the act abolishing the offices or officers, and its proper meaning may be, was therefore nothing more than declaratory of the meaning and effect of the first section, and cannot be said to be incongruous, but is clearly germane to it. It is not in any sense a separate or distinct subject.

The chief attack evidently intended to be made and urged against the constitutionality of this statute when this bill was filed was that the complainant and other district officers of the county could not be deprived of their offices before the expiration of the constitutional terms for which they were elected indirectly by abolishing their districts, but it is now conceded that since then this question has been decided adversely to this contention in the cases of *Grainger County* v. *State,* 111 Tenn., 234, 80 S. W., 750, and *State* v. *Akin,* 112 Tenn., 603, 79 S. W., 805.

It is held, in effect, in these cases, that the general assembly, in the exercise of its power over the affairs of counties and municipalities, may abolish existing civil districts of counties and create others at will, and that when a district is abolished all the offices for it cease to exist with it; and the official life of those holding them is immediately ended, in the absence of a saving clause like that contained in this statute, providing that they shall hold their offices until others for the new districts are elected and qualified.

This statute seems to be without constitutional objection, and valid and effective to abolish all the civil

State, ex rel., v. Hamby.

districts of Cumberland county existing when it was enacted; the result of which was to destroy the offices of justice of the peace, constable, and tax assessor in those districts; and, consequently the complainant ceased to be a justice of the peace May 7, 1903, when the act took effect, and is not entitled to any relief under his bill.

The decree of the chancellor and the court of chancery appeals so adjudging is affirmed.