CITY OF BROWNSVILLE *v.* FRANK A. REID, TRUSTEE, *et al.*

*(Nashville.* December Term, 1928.)

Opinion filed March 16, 1929.

KINNEY & WILLS and A. M. CARLTON, for appellant.

J. T. GRAY, JR., BOND & BOND and W. G. TIMBERLAKE, for appellees.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed to recover taxes alleged to be delinquent, amounting to $2580, and also to recover interest and penalties.

Complainant's right to maintain the bill was challenged by a demurrer containing several grounds, among them that chapter 92, Acts of 1925, incorporating the city of Brownsville, is void because two distinct subjects are embraced in the caption and the body of the Act contrary to Article II, sec. 17, of the Constitution. The chancellor sustained this ground of demurrer and another to the effect that complainant had no corporate existence on January 10, 1925, and could not for that reason impose taxes.

Complainant appealed and has assigned errors. The determinative question presented by the assignments of error is whether or not the Act violates Article II, sec. 17, of the Constitution, which provides: "No bill shall become a law which embraces more than one subject, that subject to be expressed in the caption."

(1) This provision of the Constitution requiring that the caption of an Act disclose the subject of legislation expressed in the body was designed to prevent surprise, and also to confine the Act to a single subject of legislation, to avoid the evils attending omnibus legislation. *Railroad* v. *Crider,* 91 Tenn., 494; *Palmer* v. *Express Co.,* 129 Tenn., 116.

(2) The requirement that legislative Acts deal with but one subject refers to the body, not the caption, and an Act dealing with a single subject properly expressed in a caption that is broader than the Act will not render the Act nugatory, provided the caption does not conceal and cover up incongruous legislation, or to otherwise express it, if the real subject of legislation is not obscured

by the subject-matter stated in the caption. This proposition is illustrated by the cases of *Green* v. *State,* 15 Lea, 711; *State* v. *Whitworth,* 8 Lea, 596; *Leuhrman* v. *Taxing District,* 2 Lea, 429; *Cannon* v. *Mathes,* 8 Heisk., 519; *State* v. *Hamby,* 114 Tenn., 361; *Knoxville* v. *Gass,* 119 Tenn., 451; *Ryan* v. *Terminal Co.,* 102 Tenn., 11; *Samuelson* v. *State,* 116 Tenn., 480.

It is said by defendants that in both its body and caption the Act of incorporation contains two subjects of legislation, (1) the incorporation of Brownsville; and (2) the establishment of a special school district.

In the comprehensive caption, the object to incorporate Brownsville and clothe it with essential powers is expressed, and the caption concludes "and to create a special school district in said city and to appoint the school board."

While the caption apparently expresses the intention of creating a municipal corporation and a school district, the body of the Act carries no such implication and is not susceptible of any such construction.

By section 24 of the Act it is declared:

"That the city of Brownsville is hereby created a Special School District, and that the public or common schools of said town shall be managed and controlled by a Board of School Directors, composed of six directors or persons, who shall be *bona-fide* citizens and residents of said town, whose term of office shall be six years;
. . .

The Board of Directors thus provided for are declared to be—

"A body corporate in like manner as district school directors now are under the general public school laws and with the same power and duties."

"Said directors and especially the chairman and clerk shall be under the general public school laws of this State. Said Board of School Directors may take and hold real and personal property for public school purposes and may sell and convey the same when for the best interests and advantages of the public schools of the city. The general laws of this State in regard to common or public schools shall apply to the said City of Brownsville, as far as the same are not modified herein; and said City of Brownsville District shall be entitled to all of the sum of money from the public school funds that it would be entitled to receive if the district were organized under the general laws of this State; that the County Trustee be and he is hereby ordered and required to pay over to and on account of the said City of Brownsville District Directors hereinbefore provided for, the *pro rata* of the school funds assessed and collected by the county on property polls and privileges within the corporate limits of the said City of Brownsville to be used by said directors as herein directed and provided; and also to pay over to and on account of the said City of Brownsville District Directors the proper *pro rata* of the fund for common or public schools that shall come into his hands from the State of Tennessee according to the scholastic population of said city in the same way as to other school directors in the county."

It is said this provision creates a distinct corporate entity independent of the municipality.

*(3)* In considering the constitutionality of a statute, it is the duty of the court to ascertain the legislative intention, and then decide whether or not the Act, as construed, meets the constitutional requirement. The inquiry is approached with the presumption that the Legislature

did not intend to violate the Constitution and pass an invalid statute. This rule applies to Acts alleged to have been passed contrary to Article II, section 17, of the Constitution, as well as others. Thus approaching the inquiry, we must read the Act and consider all of its provisions and then give to it a liberal, not a strained, construction. This is necessary to avoid the great inconvenience and embarrassment that would follow the needless striking down of beneficial legislation. Laws, good and bad, are subject to the same test. The wisdom of these rules of construction, and of their application, is recognized in our cases of *Cannon* v. *Mathes* and others.

*(4)* After a careful reading of the Act, we conclude that it creates a municipal corporation and clothes it with the usual and necessary powers of a municipality, among them the power to establish and maintain schools.

*(5)* The establishment and maintenance of a school system is a legitimate municipal purpose. By the Act of incorporation passed March 12, 1925, the Legislature intended to coordinate the municipal and county system, as was afterwards done by the General Education Bill. Sec. 34, chap. 115, Acts of 1925.

The conclusion cannot be drawn from the provisions of the Act of incorporation that it was designed to create the distinct entities of a municipal corporation and an independent school district, such as that involved in *Quinn* v. *Hester,* 135 Tenn., 373.

Notwithstanding the inept language of the second paragraph of section 24 of the Act, when this section is taken in connection with the purview of the law, it becomes apparent that the Legislature did not attempt to create a separate entity but intended that the municipality should establish and maintain public schools, in coordina-

tion with the general school system, such schools to be managed by a board of directors chosen by voters of the city, with powers and duties defined by ''the General Public School Laws of the State.''

It follows that the decree of the chancellor is reversed, and the cause remanded for further proceedings.