W. A. WITT et al., Appellants

*v.*

GEORGE F. McCANLESS, Attorney General, *et al.,*
Appellees

(*Knoxville,* September Term, 1955)

(May Session, 1956)

Opinion filed June 8, 1956.

Rehearing Denied July 20, 1956.

E. B. Baker and Ward Crutchfield, Chattanooga, for appellants.

Jack Wilson, Assistant Attorney General, for George F. McCanless, Attorney General.

J. W. Anderson, City Attorney, Eugene N. Collins, Assistant City Attorney, Chattanooga, for City of Chattanooga.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

W. A. Witt and other residents, citizens and taxpayers and property owners of the Sequoia-Woodmere section of Hamilton County filed their suit in the Chancery Court under the Declaratory Judgment Law for the purpose of having declared unconstitutional and invalid a City ordinance of annexation passed by the City of Chattanooga pursuant to Chapter 113 of the Public Acts of 1955. The Chancellor held that said Act and ordinance were not unconstitutional and the complainants have appealed from the action of the Chancellor in sustaining the demurrer of the defendants to the bill.

Said Act was alleged to be unconstitutional for numerous reasons but it was stated in argument before this Court that the second and third assignments of error have been abandoned by appellants, leaving only the first and fourth assignments of error.

By the first assignment of error it is said that said Act is unconstitutional because it violates Article II, sec.

17 of our State Constitution in that the said Act embraces more than one subject and that subject is not expressed in the title, and that it purports to repeal, revive or amend former laws and does not recite in the caption or otherwise the title or substance of the law repealed, revised or amended.

The fourth assignment is that said Act is unconstitutional because in violation of Article II, sec. 1 of the State Constitution in that it attempts to delegate to the Courts, in Section 2, subsection (b) of the Act, the authority to annex territory, which is a power that may not be delegated to the Courts under the Constitution.

For the purpose of clarity we quote the caption to the Act and state the substance of the body. The caption reads as follows:

"An Act to provide for the extension of municipal boundaries by the annexation of territory by municipalities and the settlement of resulting problems involving other State instrumentalities such as utility districts, sanitary districts, school districts, and other public service districts; amending Section 3322 of the Code of Tennessee 1932, relating to contraction of a municipality's boundaries; and prescribing the effects of this Act on other laws."

The Act provides for annexation by two methods: (1) by ordinance as provided in Section 2, and (2) by referendum under Section 3.

By Section 2(a), it is provided that either upon a petition by a majority of the residents and property owners of the affected territory, or upon the municipalities' own initiative when it appears that the prosperity of such municipality and such territory will be materially retarded and the safety and welfare of the

inhabitants and property thereof endangered, the City after a notice and public hearing may by ordinance extend the corporate limits by annexation of such territory as may be deemed necessary for the welfare of the residents and property owners of both the territory to be annexed as well as of the municipality as a whole, provided that the ordinance shall not become effective until 30 days after the final passage thereof.

Under Section 2(b), it is provided that any aggrieved property owner within the territory annexed may within 30 days file a suit in the nature of a *quo warranto* proceeding to contest the validity of said ordinance on the ground that it reasonably may not be deemed necessary for the welfare of said residents and property owners. That all and any such suits shall be tried together and that the issue shall be whether the proposed annexation be or be not unreasonable in consideration of the health, safety and welfare of the citizens and property affected; should the court find the ordinance to be unreasonable an order will be made vacating the same; if the ordinance be not unreasonable then the ordinance shall be effected as provided.

Section 3 then provides the details for annexation by referendum and an election by the people affected.

Section 5 provides for reference of any purposed annexation to the planning agency of the municipality.

Section 6 provides for the protection of the equal rights of the citizens of the annexed territory with the citizens of the existing municipality.

Section 7 provides for the annexation of a smaller municipality by a larger one with reference to the financial assets and liabilities of the annexed territory.

Section 8 prohibits the annexation of a larger municipality by a smaller one.

Section 9 makes provision for the effect on other State instrumentalities such as utility districts, sanitary districts, school districts, etc., and for the arbitration of controversies in regard thereto.

Section 10 ·provides for contracting or diminishing the city limits within any given territory.

Section 11 contains a severability clause and Section 12 providing for the effect on other laws states that the powers conferred by this Act shall be in addition and supplemental to and the limitations imposed by this Act shall not affect the powers conferred by any other general, special or local law.

Appellants insist that the caption of this Act does not give notice of the various matters which have been abstracted above which appear in the body of the Act. They cite a number of cases in some of which the Court held that the body of the Act was broader than the caption and others in which it was held that the body of the Act was germane to the object expressed in the caption. We cannot undertake to discuss all of these cases but we note that in *State v. Cumberland Club,* 136 Tenn. 84, at pages 98, 99, 188 S.W. 583, at page 587 the substance of the holding appears as follows:

"This prohibition against any person keeping intoxicating liquor in any other place for use goes far beyond the title, which, as we have seen, concerned only the storing and distribution or disposition of liquors in clubs, associations, and lodges, and the maintaining of such places for such purposes of storing, * * *."

In that case however the principles are laid down rather fully by which a determination is to be made from the facts as to whether or not the caption does give notice of the contents of the body of the Act. Appellants cite also *City of Brownsville v. Reid,* 158 Tenn. 445, 14 S.W.2d 730. The gist of that decision is contained in syllabus number five as follows:

"The establishment and maintenance of a school system is a legitimate municipal purpose and upon the incorporation of a city, the act also creating it a special School District intended to coordinate the municipal and county system as is done by the General Educational Bill, does not create distinct entities of a municipal corporation and an independent school district."

In other words the Court held here that the body of the Act was germane to the caption.

We think it rather evident from an inspection of the Act that every provision in it is germane to the object expressed in the caption. In *Memphis St. Railroad v. Byrne,* 119 Tenn. 278, at page 299, 104 S.W 460, at page 465, the Court expressed the rule rather clearly in the following language:

"When a statute has but one general object or purpose, the subject is single, however multitudinous may be the means or instrumentalities provided for effecting that purpose. [Citing cases.]"

The last case cited also points out the difference between a general and a restrictive title. 119 Tenn. at pages 288, 289, 104 S.W. 460. Obviously the title of this Act is general and for that reason the caption should not receive a narrow construction.

■ The controlling principles are stated in two recent cases, *Patterson v. Town of Tracy City*, 183 Tenn. 160, 163, 191 S.W. 2d 432, and *Caldwell v. Harris*, 185 Tenn. 209, 214, 204 S.W.2d 1019, and need not be repeated here. Suffice it to say that the object of the Act as stated in the caption, the enlargement and the contraction of municipal boundaries and all of the details of the Act are germane to that object and are germane to one another so that we must overrule the first assignment of error.

■■ Under this same assignment it is said that the caption purports to amend Section 3322 of the Code of 1932 but that there is no reference in the caption to the title or substance of such laws to be amended. There are two answers to this. First, the reference to the official Code Section in the title is sufficient without more. *Pharr v. Nashville C. & St. L. Ry.*, 186 Tenn. 154, 208 S.W.2d 1013. Second, the fact that the body of the bill does not purport to amend any other act, as complained in the original bill, simply means that the caption would be broader than the body of the Act. This is not a violation of Article II, sec. 17 of the Constitution. *State ex rel. v. Hamby*, 114 Tenn. 361, 84 S.W. 622; *Crewse v. Beeler*, 186 Tenn. 475, 491, 212 S.W.2d 39.

We therefore overrule the first assignment of error.

Under the fourth assignment of error it is insisted that the Act violates Article II, sec. 1, of the State Constitution in that it attempts to delegate to the judiciary legislative powers and that this is not such a delegation of power as is contemplated by Article 11, sec. 9, of the Constitution.

It seems to be the insistence of the appellants, because Section 2(b) of which we have stated the substance here-

inabove, uses the phrase ''proposed annexation'' at one place and because the citizen of the subject territory is given the right within the 30 days after the passage of the ordinance to file a suit in the nature of a *quo warranto* proceeding to have the court determine the question whether or not the proposed annexation be or be not reasonable in consideration of the health, safety and welfare of the citizens and property owners of said territory, and that the ordinance cannot and does not become effective until such a suit has been filed and the court has made such determination, that the annexation is by the court exercising legislative powers unlawfully delegated to them.

We are unable to agree with such insistence. Section 2(a), as above shown, provides that the ordinance shall not become effective until 30 days after the final passage thereof. This allows time to the citizen in which to file his suit, as provided under Section 2(b) to have the court determine whether the ordinance be unreasonable. Clearly under the wording of the statute if no suit is filed then the ordinance would become effective after the lapse of 30 days from its final passage. Likewise under Section 3, providing for annexation by referendum, no provision is made for the filing of any suit, quite naturally, and the Act becomes effective 30 days after the certification of said election.

When a suit is filed under Section 2(b), and the same has been heard, the court either finds the same to be unreasonable and vacates the ordinance, or finds the same to be not unreasonable and enters an order sustaining the validity of the ordinance which will then become operative 31 days after such judgment, unless such judgment is abrogated by an appeal therefrom.

■ ■ The fact that a court is given the power to determine whether the ordinance be or be not unreasonable is not an unlawful delegation of power for two reasons. First, a court already has such power with respect to municipal ordinances without any Act of the Legislature giving it such power. In *Farmer v. City of Nashville,* 127 Tenn. 509, at page 515, 156 S.W. 189, at page 190, 45 L.R.A.,N.S., 240, it is said:

"The distinction between the general power of a legislative body to make laws and the special power of a municipal corporation to enact by-laws is recognized by our authorities. In respect of the latter, the corporate council is restrained to such matters as are not at variance with the general laws of the state, are *reasonable,* and adapted to, or proper for, the purposes of the corporation."

It is apparent therefore that the power to determine the reasonableness of a municipal ordinance is necessarily committed to the courts.

Secondly, there is no delegation to the court of the power to extend or contract municipal boundaries, which is a legislative power, but the court is simply given the power to determine whether the ordinance is reasonable or unreasonable with respect to health, safety and welfare of the citizens of the territory and the court is not called upon to act until an ordinance has been passed.

In 37 Am.Jur., Municipal Corporations, Sec. 25, page 641, the rule is stated as follows:

"While the legislature cannot delegate to the courts power to extend municipal boundaries, it is generally held that power to determine when conditions exist which warrant an extension may be vested in the courts

without violating constitutional provisions against delegating legislative powers. In some jurisdictions the statutes provide that the courts .shall ascertain and determine the necessity for or the expediency of the annexation. When the state Constitution prohibits special legislation, it almost necessarily follows that the annexation of territory must be left optional with the municipal authorities, with or without the supervision of the courts, or left wholly in the hands of the courts; and if it is left to the courts in any capacity, the question is bound to arise whether this is not an unconstitutional delegation of legislative power to the judiciary. It has been held that when the annexation is actually made by the municipal authorities, although the approval of the court is an essential condition, the statute is unobjectionable, even if it authorizes the court to pass upon the sufficiency of the reasons for annexation as well as upon the compliance by the municipal authorities with the statutory requirements. In so far as such general law makes the right of annexation to depend upon specific questions of fact, such as the number of inhabitants, the amount of taxable property, the consent of a specific portion of the inhabitants or electors or taxpayers of the area affected, the trial of the questions whether such required facts exist, and the making of findings as to whether they do, or do not, exist, and rendering judgment thereon, is a judicial function properly referred to and determined by the courts, but in so far as its ultimate action is made to depend upon unfettered discretion as to whether, politically and economically speaking, it is advisable that the annexation be made, such function

is purely legislative in its nature and cannot be delegated to the judicial department.

"The cases are practically uniform in recognizing this general principle, but some of the earlier cases in some jurisdictions were so liberal in the powers which the courts might exercise, and still not offend the principle, as to be seriously out of line with the majority of the cases. Later decisions in those jurisdictions, however, have been inclined to the stricter view that the exercise of any discretion by the court or determination of policy is a legislative function and invalid.

"A general statute providing that municipal corporations may institute proceedings in designated courts for the annexation of contiguous territory does not violate constitutional inhibitions against delegation of legislative power to the courts. But when the proceedings are left wholly in the hands of the court, and are even allowed to be instituted by private parties, the statute is unconstitutional. A statute providing for the annexation of territory to municipal corporations, which gave a designated court jurisdiction to hear an appeal from the board of county commissioners to whom the petition of annexation was referred in the first place, which court, if of the opinion that the prayer of the petition should be granted, was empowered to order the annexation, has been held not to be unconstitutional as delegating legislative power, although a contrary view has also been taken as to the same form of statute.

"While the general rule is that the determination of the extent of the territory of municipal corporations is a legislative function solely, there is nothing in the Federal Constitution to prevent the people from giv-

ing, if they see fit, full jurisdiction in such matters to the courts and taking it entirely away from the legislature. Whenever the highest court of a state holds that under its Constitution and statutes the courts have jurisdiction over such matters, the Federal courts will neither deny the correctness of the holding nor repudiate its binding force.''

The question generally is rather fully dealt with in *First Suburban Water Utility District v. McCanless,* 177 Tenn. 128, 146 S.W.2d 948, where the Act gave the county judge the authority to determine the necessity for the creation of utility districts and criticism was directed particularly to the clause which provided that, if at a public hearing this official finds (a) that the public convenience and necessity requires the creation of the district and (b) that the creation of the district is economically sound and desirable, he shall enter an order of the court so finding, approving the creation of a district, etc. This was held not to be an unlawful delegation of power but instead was a proper authority of this official to make the determination of these matters in the light of all the circumstances, surroundings and representations arising in the case to be presented to him.

We therefore overrule assignment four and affirm the action of the Chancellor.