H. I. SAYLORS et al., Appellants,

v.

The CITY OF JACKSON, Appellee.

Supreme Court of Tennessee.

Dec. 27, 1978.

J. Daniel Breen, Waldrop, Hall, Tomlin & Farmer, Lewis L. Cobb, Jr., Waldrop, Hall, Tomlin & Farmer, Jackson, for appellants.

Russell Rice, Rice & Rice, Jackson, for appellee.

## OPINION

FONES, Justice.

Plaintiffs, appellants here, brought suit in the nature of a quo warranto proceeding to contest the validity of an annexation ordinance of the City of Jackson pursuant to T.C.A. § 6–310. The Chancellor initially rendered a decree holding that the issue of the reasonableness of the annexation was "fairly debatable" and hence under the applicable law the ordinance was valid. Subsequently, this Court held in *City of Kingsport v. State, ex rel. Crown Enterprises*, 562 S.W.2d 808 (Tenn.1978), that the "fairly debatable" standard utilized in prior cases had been superseded by a legislative amendment to T.C.A. § 6–310, which placed the burden of proof in an annexation contest on the annexing municipality. In response to *Kingsport*, the Chancellor, on defendant's motion, amended his decree to conform with the standard enunciated by this Court. The primary issue in this appeal is whether the Chancellor erred in amending his decree and finding that the annexation complied with the *Kingsport* guidelines.

The annexed area, hereinafter referred to as the Northside area, comprises 4.06 square miles with approximately 1143 dwelling units. It is a relatively new, upper-middle income residential area. Although the Northside area is served by the City of Jackson Utility Division for its electrical, natural gas, water and some sanitation services, an improved Plan of Services was developed for the area in conjunction with the annexation plans. On August 30, 1977, a public hearing was conducted on the Plan of Services, and the plan was adopted unanimously. The annexation ordinance was likewise considered at a Board of Commissioners meeting on October 7, 1977, and also adopted unanimously. Aside from a minor question of parliamentary procedure, appellants do not contest the procedure by which the annexation ordinance was adopted.

In his original decree, the learned Chancellor concluded:

"After reviewing all of the evidence and hearing the testimony, the Court finds that the reasonableness of the annexation of the Northside area is a debatable question, and, therefore, under the guidelines that have been set forth by the Supreme Court, this Court must uphold the validity of the annexation ordinance as it was adopted."

The finding of the Chancellor was in accord with the pronouncements of this Court as of the date of the decree. *See, e. g., State ex rel. Spoone v. Mayor and Aldermen of Morristown*, 222 Tenn. 21, 431 S.W.2d 827 (1968); *State v. City of Columbia*, 208 Tenn. 59, 343 S.W.2d 888 (1961); *Morton v. Johnson City*, 206 Tenn. 411, 333 S.W.2d 924 (1960); *Witt v. McCanless*, 200 Tenn. 360, 292 S.W.2d 392 (1956). In *Kingsport v. State, supra,* we held, however, that a 1974 legislative enactment, which provided that the municipality shall have the burden of proving that an annexation ordinance is reasonable for the overall well-being of the communities involved, "destroyed all presumptions of validity and demolished the 'fairly debatable' rule." *Id.* at 812. *See* Chapter 753, Public Acts of 1974, *amending* T.C.A. § 6–310. Moreover, we provided the following criteria against which the reasonableness of an annexation ordinance must be tested:

"a. the necessity for, or use of, municipal services;

b. the present ability and intent of the municipality to render municipal services when and as needed;

c. whether the annexation is for the sole purpose of increasing municipal revenue without the ability and intent to benefit the annexed area by rendering municipal services." 562 S.W.2d at 812.

Following the *Kingsport* decision, defendant filed a motion under Rule 59 T.R.C.P. which requested the Chancellor to make the additional finding of fact that the annexation ordinance was reasonable. Accordingly, the Chancellor issued an altered decree, which found:

"Based upon a consideration of all the evidence heretofore heard in this cause, including the arguments presented to this Court by both parties on May 22, 1978, the Court does make the following additional findings pursuant to Rule 59:

1. There is the necessity for, or use for, the municipal services proposed for the territory to be annexed in the defendant's Plan of Services.

2. The defendant has the present ability and intent to render municipal services to the area to be annexed, when and as reasonably needed, and as provided in such Plan of Services.

3. The annexation proposed is not for the sole purpose of increasing municipal revenue, and the defendant does have the present ability and intent to benefit the annexed area by rendering municipal services, as outlined in the Plan of Services.

4. Finally, based upon the entire proof heard in this case and the entire record in this cause, the Court expressly finds that the defendant, the City of Jackson, has carried the burden of proving that the annexation ordinance is for the overall well being of the area to be annexed and the City of Jackson as a whole."

Therefore, the Chancellor upheld the annexation ordinance, concluding that "the statutory procedural requirements have been met, that the annexation ordinance has been validly passed, and that the reasonableness of the ordinance has been clearly shown by a preponderance of the evidence."

■ Appellants assign as error that the amended decree does not comport with T.R.C.P. 59, for the Chancellor had no authority to amend his decree to make further findings of fact. We see no merit to this assignment. T.R.C.P. 59.04 clearly authorizes a trial judge to alter or amend a judgment either on his own motion or that of one of the parties. A classic situation for the application of that rule was presented in this case. The trial judge reconsidered the evidence in the light of a change in the appli-

cable law that occurred after the original decree, and made findings of fact in response to those changes. Had he failed or refused to do so, a remand would be necessary for that purpose.

■ An additional assignment of error relates to the procedure by which the Jackson Board of Commissioners adopted the ordinance. To wit, appellants urge that the ordinance was passed in contravention to the parliamentary procedure contained in Robert's Rules of Order, which governs business before the Board of Commissioners as provided in Section 2–4 of the Jackson Municipal Code. The facts indicate that Mayor Conger, as presiding officer, moved for the adoption of the ordinance, but not having received a second to his motion as quickly as he thought, he declared the motion to have died for lack of a second. Commissioner Langford then told the Mayor that he had acted too quickly (about four seconds had elapsed) and that he intended to second the motion. The motion was restated by the Mayor, seconded by Commissioner Langford and unanimously approved by all members of the Board of Commissioners. Even if this irregularity violates Robert's Rules of Order, that tome specifically provides that where action is unanimous, a violation of the rules is without consequence. Robert's Rules of Order, § 48, at 202–03 (rev. ed. 1971) states, "By general, or unanimous, or silent, consent the assembly can do business with little regard for the rules of procedure, as they are made for the protection of the minority, and when there is no minority to protect, there is little use for the restraint of the rules, except such as protect the rights of absent members, or the right to a secret vote." That section clearly disposes of appellants' contention.

■ We have reviewed the record and agree with the Chancellor that the evidence preponderates in favor of the reasonableness of the annexation. A civil engineer and the chief environmentalist of the Jackson-Madison County Health Department testified most homes in the annexed area are served by septic tanks and that a health hazard existed because of surface drainage problems. The annexation plans include installation of sewer service and curbs and gutters to protect the area from flooding. Testimony was developed at trial that the Northside area lacked a full-time fire service, that police service was inadequate for a developing community and that existing building, electric, fire, gas and plumbing codes were not being enforced. Mayor Conger testified that the annexed area would be provided regular police protection, a new fire station and street lights. His testimony was corroborated by that of a city planner, a fire chief, a city commissioner and an insurance agent, who testified that lower home insurance premiums in the Northside area would result from the annexation. There was additional testimony concerning the added benefits to the Northside area of improved recreational facilities, sanitation services and highway improvements.

In light of the above, we find that appellee has established that the annexation would further the health, safety and welfare of the property owners of both the municipality and the annexed area. The improved municipal services that will accrue to the citizens of the Northside area and the need for the citizens of Jackson to control a fringe area development point to the obvious reasonableness of the annexation ordinance. We recently upheld the annexation of the Bemis area to the City of Jackson and were persuaded by evidence similar to that offered by the City in this case. See *Pirtle v. City of Jackson*, 560 S.W.2d 400, 401 (Tenn.1977). As this Court indicated in *Kingsport*, furthermore, "The whole theory of annexation is that it is a device by which a municipal corporation may plan for its orderly growth and development." 562 S.W.2d at 814. It follows that the ordinance does not have as its sole purpose the collection of additional revenues. See *State ex rel. Spoone v. Mayor and Aldermen of Morristown, supra.*

The decree of the Chancellor upholding the annexation ordinance is affirmed. Costs are adjudged against appellants.

HENRY, C. J., and COOPER, BROCK and HARBISON, JJ., concur.