IN THE SUPREME COURT OF TENNESSEE
AT MEMPHIS
November 4, 2008 Session

## HIGHWOODS PROPERTIES, INC. ET AL. v. CITY OF MEMPHIS

**Appeal by Permission from the Court of Appeals, Western Section**
**Chancery Court for Shelby County**
**No. CH-06-2070-1     Walter L. Evans, Chancellor**

_____

**No. W2007-00454-SC-R11-CV - Filed July 27, 2009**

_____

WILLIAM C. KOCH, JR., J., dissenting.

At the heart of this case is the operation of the checks and balances that influence and control a municipality's exercise of its power to annex adjoining property. The controversy involves a duly enacted annexation ordinance that was substantially altered in a negotiated settlement of litigation between some of the affected property owners and the attorney representing the municipality. Other affected property owners filed suit in the Chancery Court for Shelby County seeking a declaratory judgment regarding the validity of the effectively amended annexation ordinance that had not been ratified by the municipality's legislative body. The trial court, the Court of Appeals, and now this Court have dismissed the complaint because it was not filed within the thirty-day period within which a quo warranto action challenging the reasonableness of the annexation must be filed. I respectfully dissent. The aggrieved property owners are entitled to their day in court. They are not challenging the reasonableness of the original annexation ordinance. To the contrary, they are challenging the legality of the negotiated settlement that effectively amended the original annexation ordinance without the approval of the Memphis City Council.

### I.

On November 4, 1997, the Memphis City Council enacted an ordinance to annex several tracts of real property referred to as "Area 42." The effective date of this ordinance was January 1, 1998. On December 3, 1997, several owners of the property located in Area 42 filed three quo warranto proceedings in the Circuit Court for Shelby County challenging the reasonableness of the annexation. These cases were consolidated but then languished in the courts for years.

On December 29, 2005, Highwoods Properties, Inc. ("Highwoods"), also an owner of property in Area 42, filed a quo warranto action in the Circuit Court for Shelby County. In an amended complaint filed one month later, Highwoods and other parties alleged that a "potential [c]onsent [j]udgment" between the City of Memphis and the 1997 plaintiffs was not only detrimental to the Highwoods parties but also inconsistent with the terms of the 1997 annexation ordinance.

As it turned out, the 1997 plaintiffs and the City of Memphis had settled their almost ten-year-old dispute. Their agreement effectively amended the 1997 annexation ordinance. Instead of simultaneously annexing all of Area 42, the compromise called for annexing part of Area 42 on December 31, 2006, and the remainder of Area 42 on December 31, 2013. Neither the city attorney nor the 1997 plaintiffs obtained the Memphis City Council's approval or ratification of their compromise.

The trial court dismissed the Highwoods parties' quo warranto complaint on March 3, 2006. On June 8, 2006, the trial court entered a final judgment by consent disposing of the consolidated 1997 quo warranto complaints. This judgment approved and made the compromise two-step annexation of Area 42 part of the decree. On October 24, 2006, the Highwoods parties filed a new complaint for declaratory judgment in the Circuit Court for Shelby County challenging the validity of the compromise two-step annexation process included in the June 8, 2006 order. The Highwoods parties stated that the compromise two-step annexation unlawfully circumvented the statutory annexation procedures by effectively amending the original 1997 ordinance without action by the Memphis City Council.

The City moved to dismiss the Highwoods parties' declaratory judgment complaint on several grounds, including the ground that the complaint was not timely filed. In its January 22, 2007 order, the trial court granted the City's motion to dismiss "on all grounds." The Highwoods parties appealed, and the Court of Appeals affirmed the dismissal of their complaint. With regard to the Highwoods parties' claim that the two-step annexation compromise was invalid without the enactment of a new annexation ordinance, the Court of Appeals stated "although we have no authority to vacate the annexation ordinance based upon alleged procedural defects, Appellants' procedural challenges were meritless." *Highwoods Props., Inc. v. City of Memphis*, No. W2007-00454-COA-R3-CV, 2007 WL 4170821, at *10 (Tenn. Ct. App. Nov. 27, 2007).

## II.

The power of annexation is essentially legislative in character. *City of Kingsport v. State ex rel. Crown Enters., Inc.*, 562 S.W.2d 808, 811 (Tenn. 1978); 2 Dennis Jensen & Gail O'Gradney, *McQuillin Law of Municipal Corporations* § 7.10 & n.2 (3d ed. 2008). Prior to the mid-1950s, this power was wielded by the General Assembly through the enactment of private acts. Wallace Mendelson, *Suggestions for the Improvement of Municipal Annexation Law*, 8 Vand. L. Rev. 1, 3 (1954). The General Assembly's power was considered to be plenary. Thus it was conceded that the General Assembly could change municipal boundaries at its "pleasure," *Daniel v. Mayor of Memphis*, 30 Tenn. (11 Hum.) 582, 583-84 (1851), and that there could be no judicial review of the General Assembly's actions, *McCallie v. Mayor of Chattanooga*, 40 Tenn. (3 Head) 317, 321 (1859).

In 1953, the citizens of Tennessee ratified an amendment to Article XI, Section 9 of the Tennessee Constitution that authorized the General Assembly to delegate its annexation power to the municipalities themselves. This amendment contained a "municipal boundaries clause" that provided that "[t]he General Assembly shall by general law provide the exclusive methods by which

municipalities may be created, merged, consolidated and dissolved and by which municipal boundaries may be altered."

In 1955, as a result of this amendment to Article XI, Section 9, the General Assembly enacted the statutory framework that has governed annexations ever since.[1] These statutes provide two methods of annexation – the ordinance method[2] and the referendum method.[3] With specific regard to annexations accomplished by ordinance, the General Assembly provided affected property owners with a limited right of judicial review. Aggrieved property owners were given the statutory right to challenge the reasonableness of the annexation by filing a "suit in the nature of a quo warranto proceeding." Tenn. Code Ann. § 6-51-103(a)(1)(A). However, these property owners were required to file their suits within thirty days after the operative date of the ordinance. *City of Oak Ridge v. Roane County*, 563 S.W.2d 895, 898 (Tenn. 1978); *Witt v. McCanless*, 200 Tenn. 360, 367-68, 292 S.W.2d 392, 395 (1956).

The annexation statutes themselves provided the basis for these reasonableness challenges. Tenn. Code Ann. § 6-51-103(a)(1)(A), -103(a)(2)(A) limited them to determining whether the annexation was "deemed necessary for the welfare of the residents and property owners of the affected territory and the municipality as a whole." Tenn. Code Ann. § 6-51-103(a)(1)(A), -103(a)(2)(A). Stated in slightly different terms, Tenn. Code Ann. § 6-51-103(d) defined the issue as "whether the proposed annexation is or is not unreasonable in consideration of the health, safety and welfare of the citizens and property owners of the territory sought to be annexed and the citizens and property owners of the municipality." Accordingly, this Court articulated the "reasonableness" inquiry as follows: "the primary test of the reasonableness of an annexation ordinance must be the planned and orderly growth and development of the city, taking into consideration the characteristics of the existing city and those of the area proposed for annexation." *State ex rel. Collier v. City of Pigeon Forge*, 599 S.W.2d 545, 548 (Tenn. 1980); *see also City of Kingsport v. State ex rel. Crown Enters., Inc.*, 562 S.W.2d at 812 (listing the factors to consider when analyzing the reasonableness of an annexation ordinance).

Eventually, the reasonableness inquiry was broadened to include procedural defects in the passage of the annexation ordinance. In 1978, this Court observed that even though

> [t]he courts are not expressly or impliedly authorized to void a municipal ordinance for failure of the municipality to give notice, hold a public hearing, or submit a plan of services to the local planning commission[,] . . . . a city would be unable to carry the burden of proving that the annexation was reasonably necessary for the welfare of the residents and property owners of the affected

---

[1] Act of Mar. 8, 1955, ch. 113, 1955 Tenn. Pub. Acts 382 (codified as amended at Tenn. Code Ann. §§ 6-51-101 through -120 (2005 & Supp. 2008)).

[2] Tenn. Code Ann. § 6-51-102.

[3] Tenn. Code Ann. §§ 6-51-104, -105.

territory and the municipality as a whole without a public hearing after the required notice.

*City of Oak Ridge v. Roane County*, 563 S.W.2d at 897-98. One year later, we narrowed *City of Oak Ridge v. Roane County* by stating that to be actionable, the procedural defects in the enactment of an annexation ordinance must result in "constitutional infirmities." *City of Watauga v. City of Johnson City*, 589 S.W.2d 901, 905 (Tenn. 1979).

None of these cases addressed the question of whether the statutory quo warranto proceeding authorized by Tenn. Code Ann. § 6-51-103(a)(1)(A) was the exclusive remedy for challenging an annexation ordinance. That question was answered in 1998 when this Court held that "[t]he validity of an annexation ordinance alleged to exceed the authority delegated by the legislature is subject to challenge under the Declaratory Judgment Act."[4] *State ex rel. Earhart v. City of Bristol*, 970 S.W.2d 948, 954 (Tenn. 1998). With this decision, this Court clearly established that declaratory judgments may be used to challenge the validity of annexation ordinances on grounds other than their reasonableness.

The decision in *State ex rel. Earhart v. City of Bristol* is significant for a second reason. The declaratory judgment action in the case had been filed approximately two years after the challenged annexation ordinance had become effective. Thus, even though the Court did not directly address the question of the time within which the declaratory judgment action must be filed, the decision approving the declaratory judgment action necessarily means that declaratory judgment actions challenging annexation ordinances on grounds other than reasonableness need not be filed within thirty days after the effective date of the challenged annexation ordinance. I concur completely with this conclusion.

Because of its legitimate concern about piecemeal challenges to annexation ordinances, the Court in this case has narrowly construed *State ex rel. Earhart v. City of Bristol*. As I understand the Court's decision, it is clarifying that the declaratory judgments authorized by *State ex rel. Earhart v. City of Bristol* must satisfy two requirements. First, they can only be filed when no quo warranto proceeding is available. Second, the basis of the declaratory judgment action must be limited to ultra vires conduct by the annexing municipality. Stated another way, these declaratory judgment actions must be based on claims that the municipality has exceeded the annexing authority delegated by the General Assembly.

**III.**

For the purposes of this case, I will concede the appropriateness of the limitations that the Court is placing on declaratory judgments that challenge annexation ordinances.[5] I part company

---

[4]*See* Tenn. Code Ann. §§ 29-14-101 through -113 (2000).

[5]It is appropriate to note that the limitations that the Court imposes on declaratory judgments challenging annexation ordinances undermine two intermediate appellate court decisions that had construed *State ex rel. Earhart v.*
(continued...)

with the Court because I have concluded that the Highwoods parties' declaratory judgment action meets both of the Court's requirements for declaratory judgment actions challenging an annexation ordinance.

The first requirement is that a quo warranto action cannot be available to the parties filing the declaratory judgment action. The Court has decided that the Highwoods parties cannot satisfy this requirement because they could have filed a quo warranto in late 1997 or early 1998. True enough. To challenge the reasonableness of the 1997 annexation ordinance, the Highwoods parties would have been required to file a timely quo warranto action.[6] However, the Highwoods parties are not asserting a reasonableness challenge or even a preliminary procedural defect in this case.

In this proceeding, the Highwoods parties are squarely challenging the legality of the settlement of the 1997 litigation regarding the original annexation ordinance. They are asserting that the negotiation and acceptance of this settlement which varies from the terms of the original 1997 annexation ordinance is ultra vires. As is well stated by the Court, the Highwoods parties have requested the invalidation of the June 8, 2006 consent final judgment because

> "[a] genuine dispute exists as to whether the . . . Ordinance, as amended through the Consent Final Judgment and Amended Consent Final Judgment[,] is valid." The Plaintiffs argued that the settlement constituted "an attempt to unlawfully circumvent the exclusive procedures established by the General Assembly" by effectively amending the Ordinance to incorporate the two-tiered annexation schedule, without enacting a new ordinance.

The Highwoods parties could not have asserted this claim by quo warranto or declaratory judgment before the expiration of the time for filing a quo warranto action. The settlement did not take place until 2006 – nine years after the time for filing a quo warranto action had expired. The order approving the settlement was not entered until June 8, 2006. Simply stated, the Highwoods parties' present concern over the annexation methodology did not exist until the negotiated settlement between the city attorney and some of the affected property owners in Area 42 was accepted by the trial court. Accordingly, they could not have asserted the claim they are now asserting until mid-2006.

---

[5](...continued)
*City of Bristol* more broadly. Accordingly, it appears that no further reliance can be placed on *Town of Oakland v. Town of Somerville*, No. W2002-02301-COA-R3-CV, 2003 WL 22309498, at *7 (Tenn. Ct. App. Oct. 7, 2003), *perm. app. denied*, (Tenn. Mar. 22, 2004) and *Jefferson County v. City of Morristown*, No. 03A01-9810-CH-00331, 1999 WL 817519, at *7 (Tenn. Ct. App. Oct. 13, 1999) (No Tenn. R. App. P. 11 application filed).

[6]In fact, the Highwoods parties did attempt to file a quo warranto action challenging the reasonableness of the 1997 annexation ordinance, but their suit was properly dismissed because it was not filed timely. *Highwoods Props., Inc. v. City of Memphis*, No. W2006-00732-COA-R3-CV, 2006 WL 3628102 (Tenn. Ct. App. Dec. 14, 2006) (No Tenn. R. App. P. 11 application filed).

The second requirement is that the party filing the declaratory judgment action must be claiming that the annexation ordinance was ultra vires. The Highwoods parties are asserting just such a claim. They claim that by allowing a city attorney and private parties to amend an annexation ordinance without ratification or approval from the city's legislative body, the annexation became ultra vires and invalid because it exceeds the annexation authority delegated by the General Assembly.

Two years ago, the Court of Appeals addressed the challenge to the validity of an annexation ordinance that had been modified by consent order. Distinguishing between a reasonableness challenge and an ultra vires challenge, the court concluded that the party challenging the annexation ordinance "lost its legal right to challenge annexation of its property on the grounds of reasonableness thirty days after passage of the annexation ordinance when it did not file a *quo warranto* proceeding." *Blount v. City of Memphis*, No. W2006-01191-COA-R3-CV, 2007 WL 1094155, at *4 (Tenn. Ct. App. Apr. 13, 2007) (No Tenn. R. App. P. 11 application filed). Nevertheless, the court held that the bar to challenging the reasonableness of the annexation ordinance did "not preclude, impair or impede [the party's] ability to litigate its claim that the 'new' or 'modified' ordinance is invalid in a declaratory judgment action." *Blount v. City of Memphis*, 2007 WL 1094155, at *4. I agree with the reasoning of the Court of Appeals in this case.

The Highwoods parties' declaratory judgment action is aimed precisely at the invalidity of the modified annexation ordinance. Their complaint alleges that the city attorney and private parties may not modify a duly enacted annexation ordinance. If the Highwoods parties are correct and such authority does not reside with the city attorney and private parties, then the 2006 consent decree modifying the 1997 annexation ordinance cannot be given legal effect because the compromise ordinance has not been ratified or adopted by the Memphis City Council.

## IV.

I share the Court's concern about piecemeal annexation litigation. However, I am equally concerned about the preservation of the careful balancing of interests that the General Assembly engaged in when it empowered municipal legislative bodies to annex adjoining property by ordinance. This case reveals a potentially problematic unbalancing of these compromises because in this case, an executive branch official – the city attorney – and private parties appear to be performing a legislative act with the city's legislative body sitting on the sidelines. It is my belief that the Highwoods parties are entitled to present to the courts the important issue of whether such an approach to annexation is ultra vires and to have the issue decided on the merits.

_____
WILLIAM C. KOCH, JR., JUSTICE