IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 14, 2006 Session

## MARY ELIZABETH STILLWELL, DECEDENT BY AND THROUGH HUSBAND, H. CHESTER STILLWELL v. KENNETH WAYNE HACKNEY, SR., ET AL.

Appeal from the Circuit Court for Davidson County
No. 04C-1649     Walter C. Kurtz, Judge

No. M2005-02218-COA-R3-CV - Filed on December 27, 2006

Invitee fell in gravel driveway of rental property, allegedly due to a partially hidden concrete divider. Invitee ultimately died as result of the fall and invitee, by and through her husband, filed an action against rental property owners. Property owners filed a motion for summary judgment, which the trial court granted, finding that Plaintiff failed to establish an exception to the general rule of landlord non-liability. Plaintiff appealed. We affirm the decision of the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.

James Robin McKinney, Jr., Nashville, Tennessee, for the appellant, H. Chester Stillwell.

John J. Griffin, Jr. and Caroline M. Gobbell, Nashville, Tennessee, for the appellees, Kenneth Wayne Hackney, Sr. and Linda Darline Hackney.

**OPINION**

Mr. Kenneth Hackney and Mrs. Linda Hackney were the owners of a rental property located at 115 Forest Park Road in Madison, Tennessee. At the time in question, the Hackneys rented one side of the property to Ms. Victoria Davis. On July 7, 2003, Mrs. Mary Stillwell visited her granddaughter, Ms. Davis, at the property. When exiting the vehicle, Mrs. Stillwell fell in the driveway of the property and was unable to stand without assistance. Mrs. Stillwell thereafter called her daughter, Ms. Sharon Davis, who helped Mrs. Stillwell to stand and transported her to the hospital. Mrs. Stillwell was diagnosed with a broken ankle. She stayed in the hospital for five days and then was transferred to a rehabilitation center for seven more days. Eighteen days after the accident, Mrs. Stillwell died due to a pulmonary embolism.

On June 7, 2004, Mrs. Stillwell, by and through her husband, Mr. Chester Stillwell, filed an action against the Hackneys, seeking damages for Mrs. Stillwell's personal injuries and wrongful death. Plaintiff asserted that Defendants failed to exercise ordinary and reasonable care for the safety of their tenants and/or visitors, that Defendants knew or should have known of a partially hidden concrete divider in the driveway, that Defendants failed to use reasonable care to discover and repair the unsafe condition of the driveway, and that such caused the personal injuries and wrongful death of Mrs. Stillwell.

On February 10, 2005, the depositions of Mr. Stillwell and Ms. Sharon Davis were taken. On May 4, 2005, Defendants filed a motion for summary judgment, asserting that (1) there was no genuine issue of material fact as to whether a dangerous condition existed which caused Mrs. Stillwell's fall because there was no living person who knew what caused Mrs. Stillwell's fall; and (2) Plaintiff failed to allege that Defendants were liable under the pre-existing dangerous condition exception to the general rule that a landlord is not liable for harm caused by a dangerous condition on leased premises. Plaintiff responded to the motion on June 20, 2005, contending that a dispute of fact existed as to whether the concrete divider was a dangerous and/or defective condition and whether Mrs. Stillwell's fall was caused by the dangerous and/or defective condition. In addition, Plaintiff filed the affidavit of Mr. Thomas Clemmons, a professional engineer, to support the contention that Defendants should have known of the dangerous condition and should have taken measures to correct the condition.

On July 1, 2005, the trial court granted the Hackney's motion, finding that no exception to the general rule of landlord non-liability applied in the matter. On July 28, 2005, Plaintiff filed a motion to alter or amend the judgment, asserting for the first time that the exception to the general rule of landlord non-liability for a common area applied in the matter because Mrs. Stillwell's fall occurred in an area in the possession and control of the landlord. On September 16, 2005, the trial court denied Plaintiff's motion. Plaintiff appeals.

"[T]he review of a trial court's grant of summary judgment presents a question of law. Review is *de novo*, with no presumption of correctness afforded to the trial court's determination." *Mooney v. Sneed*, 30 S.W.3d 304, 306 (Tenn.2000). Summary judgment is only appropriate where there are no genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn.1993). The facts and reasonable inferences from those facts must be considered in the light most favorable to plaintiff. *Byrd*, 847 S.W.2d at 210-11. However, a "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Byrd*, 847 S.W.2d at 213 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

As a general rule, "a landlord is not liable to a tenant or a third party for harm caused by a dangerous condition on the leased premises." *Lethcoe v. Holden*, 31 S.W.3d 254, 256 (Tenn.Ct.App.2000). However, the general rule of a landlord's non-liability is subject to exceptions. *Lethcoe*, 31 S.W.3d at 256. "[W]here the landlord retains possession of a part of the premises for use in common by different tenants, the landlord is under a continuing duty imposed by law to

exercise reasonable care to keep the common areas in good repair and safe condition." *Tedder v. Raskin*, 728 S.W.2d 343, 347-48 (Tenn.Ct.App.1987). This is "because the general rule of non-liability of a landlord is premised on the assumption that the landlord is not in control of the property." *Lethcoe*, 31 S.W.3d at 258. Therefore, "although the landlord is by no means an insurer of his tenants' safety, Tennessee common law has long held the landlord responsible for the condition of common areas under [the landlord's] control." *Tedder*, 728 S.W.2d at 348. In *Tedder*, the Court discussed the rationale behind a landlord's duty with respect to common areas and although the facts were substantially dissimilar from the instant case, we find the Court's reasoning enlightening. Said the Court:

> Since the landlord retains control over the common areas of the apartment building and grounds, the landlord is in a far superior position to take steps necessary to secure the premises for the safety of the tenants. Like guests at inns, tenants in multiple-apartment buildings whose leases are often of short duration cannot be expected individually to make the expenditures necessary to secure the common areas of the building, for example by installing locks on outside entrances, providing adequate lighting in hallways, and taking similar precautions. The landlord, on the other hand, is in a better position to provide reasonable security and spread the cost among the tenants. The imposition by law of a duty on the landlord to take reasonable steps to secure the leased premises for the safety of the tenants was thus merely a logical extension of the existing common law governing the special relationship of innkeeper-guest.

*Tedder*, 728 S.W.2d at 347.

In this case, Plaintiff argues that Mrs. Stillwell's injuries were sustained in the rental property's driveway and that the driveway is a common area in the possession and control of Defendants because the driveway was utilized by both tenants of the rental property. The difficulty with this assertion by Plaintiff is that it is supported by neither allegation nor proof. In the Complaint, Plaintiff alleged:

> 3. Kenneth Wayne Hackney, Sr., hereinafter referred to as the "Defendant," was, and at all times pertinent hereto, an adult citizen and resident of Nashville, Davidson County, Tennessee, and the co-owner of the house and parcel of real property located at 115 Forest Park Road in Madison, Davidson County, Tennessee 37115.
> 4. Linda Darline Hackney, hereinafter referred to as the "Defendant's Wife," was, and at all times pertinent hereto, an adult citizen and resident of Nashville, Davidson County, Tennessee, and the co-owner of the house and parcel of real property located at 115 Forest Park Road in Madison, Davidson County, Tennessee 37115.

5.     At the time of the incident, the Defendants, Kenneth Wayne Hackney, Sr., and his wife, Linda Darline Hackney, rented the aforementioned property to the Plaintiffs granddaughter, Victoria Marie Davis.

## II.  Facts

6.     On or about the 7th day of July, 003, the Decedent, Mary Elizabeth Stillwell, went to her [sic] visit her granddaughter, Victoria Marie Davis, who rented the home located at 115 Forest Park Road in Madison, Davidson County, Tennessee, from the Defendants, Kenneth Wayne Hackney, Sr., and Linda Darline Hackney.

7.     The Decedent exited her automobile in the driveway of the aforementioned property, when she fell on a partially hidden concrete divider in the driveway and was unable to get up without assistance.

. . .

14.     The Defendants, acting individually and/or through his agents, servants, or employees, were negligent and committed the following acts, omissions or failures, which constitute acts of common law negligence, which negligent acts directly and proximately caused the injuries and damages to the Plaintiffs herein, to-wit:

a.     The Defendants failed to exercise ordinary and reasonable care for the safety of the tenants and/or visitors to the property rented by the Plaintiffs granddaughter and owned by the Plaintiffs;

b.     The Defendants knew or should have known of the partially hidden concrete divider in the driveway and that it was a dangerous and defective condition on the Defendants real property.

c.     The Defendants failed to use reasonable care to discover and repair the unsafe conditions of the driveway, which was under their control.

. . .

17.     By reason of the carelessness and negligence of the Defendants and as a direct and proximate result thereof, the Plaintiff was compelled and did incur indebtedness for the funeral and burial of his wife.

. . .

## VI.  Conclusion

The Plaintiff alleges and asserts that the Defendants are liable to him for the Defendants failure to properly maintain the property where the Decedent was injured.

This Complaint was met by the defendants Motion for Summary Judgment asserting in part:

1.     Summary judgment is appropriate because there is no genuine issue of material fact as to whether a dangerous condition existed that caused Mary

Stillwell's injuries on the property of Kenneth Hackney, Sr. and Linda Hackney. The Plaintiff does not know what caused Ms. Stillwell to fall.

2.      Summary judgment is appropriate because the Plaintiff has put forth no material facts that the Hackneys are liable under the pre-existing dangerous condition exception to a general rule that a landlord is not liable for harm caused by a dangerous condition on the leased premises.

In their Statement of Undisputed Material Facts, Defendants asserted:

1.      At the time of the alleged incident that is the subject of this lawsuit, Kenneth Wayne Hackney, Sr. and wife, Linda Darline Hackney, owned the property at 115 Forest Park in Madison, Davidson County, Tennessee 37115. (Compl. ¶¶ 3, 4).
**RESPONSE:**

2.      At the time of the incident, the Hackneys rented the property to Victoria Marie Davis, granddaughter of Mary Elizabeth Stillwell. (Compl. ¶ 5).
**RESPONSE:**

In response to this Statement of Undisputed Facts, numbers 1 and 2 as recited above were admitted.

Such being the record before the trial court when the Motion for Summary Judgment was heard, the trial court applied the rule in *Lethcoe v. Holden*, 31 S.W.3d 254 (Tenn.Ct.App.2000) that a landlord is not liable for a dangerous condition on the leased premises which causes injury to a tenant or a third party. The trial court never addressed the "common areas" exception to the general rule because such exception was never asserted in the Complaint and no proof was offered that any "common areas" existed. By the allegations of the Complaint and the undisputed facts, the property was simply rented by the defendants to the granddaughter of the plaintiff, and Plaintiff was injured when visiting her granddaughter's home on the leased property. Plaintiff first asserted the "common areas" exception to the general rule of landlord nonliability in their Motion to Alter or Amend the judgment after the trial court granted the defendants' Motion for Summary Judgment. It is well settled in Tennessee that "[a] Rule 59 motion should not be used to raise or present new, previously untried or unasserted theories or legal arguments." *In re: M.L.D.*, 182 S.W.3d 890, 895 (Tenn.Ct.App.2005).

Numerous cases set forth the conditions under which a motion to alter or amend is authorized. The motion to alter or amend allows the trial court to correct any errors as to the law or facts that may have arisen as a result of the court overlooking or failing to consider matters. See Milwee v. Peachtree Cypress Inv. Co., 510 F.Supp. 284 (E.D.Tenn.1978). The motion may be appropriate when a change in the applicable law has occurred after the trial court's original decree. See Saylors v. City of Jackson, 575 S.W.2d 264 (1978). However, we do not find any

authority which authorizes a motion to alter or amend in order to allow a party to present her case under a new theory when the facts and law were available to be argued at the trial prior to the court's original decree.

*Chadwell v. Knox County*, 980 S.W.2d 378, 383 (Tenn.Ct.App.1998).

The trial court did not abuse its discretion in refusing to alter or amend summary judgment in order to allow Plaintiff to assert a new theory of liability not previously encompassed within the parameters of the Complaint. *In re M.L.D.*, 182 S.W.3d at 895; *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn.2003).

Since Plaintiff failed to raise this issue prior to the trial court's decision to grant Defendants' summary judgment, we find that the trial court properly denied the Motion to Alter or Amend.

A second exception to the general rule of landlord non-liability exists where (1) the dangerous condition existed at the time the lease was executed; (2) the landlord knew or should have known of the dangerous condition; and (3) the tenant did not know of the dangerous condition and could not have, through the exercise of reasonable care, learned about the dangerous condition. *Maxwell v. Davco Corp. of Tenn.*, 776 S.W.2d 528, 531-32 (Tenn.Ct.App.1989). As a natural extension of this exception, "a landlord is not liable for an invitee's injuries if both landlord and invitee 'are equally aware of the dangerous condition and the invitee voluntarily exposes himself to the hazard.'" *Couture v. Oak Hill Rentals, Ltd.*, No. OT-03-048, 2004 WL 2334149, at *3 (Ohio Ct.App. Sept. 24, 2004); *see Lethcoe*, 31 S.W.3d at 256.

Plaintiff argues that the concrete divider was a dangerous condition which existed at the time Ms. Davis signed the lease and of which Defendants had knowledge. However, assuming *arguendo* that Plaintiff could prove that the concrete divider was present in the driveway at the time Ms. Davis executed her lease and that Defendants should have known of the presence of the divider in the driveway, Plaintiff offers no proof that the divider was dangerous. The affidavit of professional engineer Thomas P. Clemmons assets:

> 6. I have reviewed photographs of the driveway located at 115 Forest Park Road in Madison, Davidson County, Tennessee 37115 which are attached hereto as Exhibit A.
> 7. I have viewed the curb, which is partially hidden in the driveway on the aforementioned property, and would assert that a normal curb is approximately 6" inches in height.
> 8. The curb depicted in the photographs has no functional use whatsoever in the use of the driveway.
> 9. It is my professional opinion that the curb and drop-off is a hazardous condition and/or safety hazard on the property at 115 Forest Park Road in Madison, Davidson County, Tennessee 37115.

10.     It is my professional opinion that the property owner should have known and/or realized that the partially hidden curb was a hazardous condition and should have taken the appropriate measures to correct the defect.

The assertion that a "normal curb" is approximately six (6) inches in height does not offer a comparison between the curb in issue and a normal curb as we are not given the measurement of the height of the curb in issue. Whether the curb has a functional use is not relevant to whether or not it is dangerous. An opinion that the curb and drop-off is a hazardous condition is based on no facts asserted in the affidavit, and indeed, no proof is offered that the "drop-off" had anything to do with the fall of Mrs. Stillwell.

Plaintiff disregards the third requirement of the exception which provides that the tenant or invitee could not have, through the exercise of reasonable care, learned about the concrete divider.

Mr. Stillwell testified in his deposition that Mrs. Stillwell had visited the rental property on several occasions prior to the incident on July 7, 2003, making Mrs. Stillwell as least somewhat familiar with the property. Mr. Stillwell further testified that there was nothing obstructing Mrs. Stillwell's view of the driveway on the day of the incident. Ms. Davis testified that the incident occurred around 1:00 in the afternoon, and the weather was sunny, providing Mrs. Stillwell with adequate light to see where she was walking. Therefore, it appears to this Court that the condition which Plaintiff asserts was dangerous would have been open and obvious to Mrs. Stillwell through the exercise of reasonable care.

Furthermore, there is no evidence in the record that Defendants had knowledge of the allegedly dangerous condition in the driveway. Neither Ms. Sharon Davis, Ms. Victoria Davis, nor Mr. Stillwell informed Defendants of the concrete divider in the driveway, and Mr. Hackney testified that he was unaware that such a condition existed. We, therefore, find that Defendants were under no duty to protect Mrs. Stillwell from the concrete divider in the rental property's driveway because Plaintiff failed to establish an exception to the general rule of landlord non-liability. The judgment of the trial court is affirmed, and the costs of appeal are assessed against Appellant.


                                                      _____

                                                      WILLIAM B. CAIN, JUDGE